CATHARINE MUNROE, Respondent, *v.* LUCIUS W. THOMAS, Appellant.

A ferry is a franchise, and is not the subject of levy, sale, or delivery under execution. It involves a personal trust granted by the sovereign upon conditions imposed upon the grantee alone, and his liability cannot be removed by substitution.

The term appurtenances used in the return of a levy by a sheriff, is too general, vague, and indefinite, to comprehend in its meaning any personal property as the subject of levy : nothing, therefore, is passed by the sale.

APPEAL from the District Court of the Tenth Judicial District, Yuba County.

Judgment was obtained against the defendant. The Sheriff's return upon the execution was in the following words :

" Served the within execution on the Linda Ferry, or the interest of the defendant, L. W. Thomas, in and to said ferry, and the appurtenances belonging, this eleventh day of May, 1854, and on the seventh day of June, after full legal notice, as required by law, sold the above interest of defendant in and to the said property to Mr. S. A. Armstrong, for the sum of five hundred dollars.

*Marshall & Mott*, and *Weller, Johnson & Morrison*, for Appellant.

*R. S. Mesick*, for Respondent.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J. concurred.

A ferry is a franchise, and is not the subject of levy, sale, or delivery, under execution. It involves a personal trust granted by the sovereign, upon conditions imposed upon the grantee alone, and his liability cannot be removed by substitution.

The term " appurtenances," used in the return of levy by the Sheriff, is too general, vague, and indefinite, to comprehend in its meaning any personal property as the subject of levy; it therefore passed nothing by the sale.

The order is reversed.