## THE PEOPLE *v.* JOSEPHS.

Evidence of good character, as a defence in criminal cases, should be restricted to the trait of character which is in issue.

The insufficiency of an indictment should be taken advantage of by demurrer.

APPEAL from the Court of Sessions of Placer County.

The defendant was indicted, and convicted, of the crime of attempting to commit a rape upon a child of the age of four years. The defendant plead not guilty. In the course of the trial, counsel offered testimony to prove the general character of the defendant, and asked a witness the following questions: "Do you know defendant's general reputation amongst his neighbors for morality and good behavior?" "Do you know defendant's general character?" The Court below refused to admit the evidence, or permit the witness to answer the questions. To

which, defendant excepted. The only witness in the case for the prosecution was the mother of the child.

Defendant appealed.

*C. W. Langdon* for Appellant.

*W. T. Wallace, Attorney-General,* for Respondent.

Murray, C. J., delivered the opinion of the Court—Burnett, J., concurring.

The appellant was convicted of an assault, with the intent to commit a rape. Several grounds of error are relied on for reversal. Those which go to the indictment should have been taken by demurrer. See Crim. Code, § 297.

The evidence set out in the record, is plain and unequivocal. Evidence of good character is only admissible in doubtful cases, and when admitted, should " be restricted to the trait of character which is in issue, and ought to bear some analogy and reference to the nature of the charge." 3 Greenleaf Ev., § 25.

In the case of McDaniel v. The State, (8 Smedes and Marshall, 416, 417,) the Supreme Court of Mississippi lay down the rule, that where evidence touching the general character of the party is admitted, it ought manifestly to bear reference to the nature of the charge against him. But this evidence of good character in relation to the particular crime charged, seems to be only admissible in cases where the guilt of the party accused is doubtful. See also Douglass v. Toucey, 2 Wend., 352.

It is further alleged, that the Court erred in admitting the evidence of the child. The record does not show that she ever testified in the case.

The instructions of the Court were correct, and we can discover no error in the record.

Judgment affirmed.