People v. Apple.

and copy.   But in this case, the genuineness of the original and correctness of the copy being agreed to, the reason of the rule ceases, and the copy should be admitted.

Greenleaf says, that it is not necessary to prove any matters of public history affecting the whole people, nor public matters affecting the government of the country.   1 Green. Ev., 5.

*John Wilson* for Respondent.
No brief on file.

---

## THE PEOPLE v. APPLE.

The insufficiency of an indictment must be taken advantage of by demurrer.
A general objection to the admissibility of evidence is insufficient.

Appeal from the Court of Sessions of Placer County.

The defendant was indicted, and convicted, in the Court below, of an assault, with the intent to murder, one H. Levy, at Wisconsin Hill, in Placer County, by placing, in the night-time, under Levy's bed-room, a keg containing twenty-five pounds of gunpowder, to which was attached a piece of safety-fuse, ignited at one end, and communicating with the powder.   The defendant plead not guilty.   The record shows, that on the trial, certain questions were propounded to the witnesses, which were "objected to" by the counsel for defence, and admitted by the Court, to which "defendant excepted."

The following instructions were given to the jury under the exception of defendant:

First, If you find from the testimony that an assault has been

committed as charged in the indictment; and if, from all the circumstances taken together, you are satisfied that the defendant committed the assault, your verdict must be guilty.

Second, If from the testimony in the case, you believe, as men, that the defendant is guilty, you must, as jurors, believe him guilty.

Third, You are not to acquit the defendant upon a mere possible doubt, but such doubt must be a substantial reasonable doubt of his guilt.

*Stout & Hillyer* for Appellant.

*W. T. Wallace, Attorney-General,* for Respondents.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The appellant was convicted of an assault with the intent to commit murder. A motion for a new trial, and also in arrest of judgment, was made.

The errors assigned are, first, the admission of improper testimony; second, error in the instructions of the Court; third, insufficiency of the indictment; and fourth, that the verdict is not warranted by the evidence.

None of these assignments can be sustained. A general objection was interposed to the admission of the evidence complained of; this has been repeatedly held to be insufficient. The instructions are clear, forcible, and correct. The insufficiency of the indictment should have been taken advantage of by demurrer, and the evidence was sufficient to warrant the verdict.

Judgment affirmed.