[No. 10,768.—In Bank.]

Sept. 22, 1882.

## THE PEOPLE *v.* CHEE KEE.

JUDICIAL NOTICE—IMMATERIAL ERROR.—On the trial of an information-for burglary the District Attorney was permitted to read in evidence Doctor Ayres' American Almanac for 1882, to prove the time when the sun rose on the morning of the alleged offense.

  *Held:* The fact for the proof of which the almanac was offered was one-of those facts of which a Court may take judicial notice; formal proof of it was therefore unnecessary.

ID.—OBJECTION TO EVIDENCE.—A party objecting to evidence.must specify the ground of his objection; if he does not there is no error in overruling it, and an exception taken to the ruling is not revisable on appeal.

APPEAL from a judgment of conviction, and from an order denying a motion for a new trial in the Superior Court of the City and County of San Francisco.    FERRAL, J.

*Alexander Campbell, Jr.,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

McKEE, J.:

At the trial of the defendant upon an information against him for the crime of burglary, charged to have been committed in the City and County of San Francisco on March 20, 1882, the District Attorney offered in evidence "Dr. Ayers American Almanac for 1882," to prove the time when the sun rose on the morning of that day. To the offer the defendant objected generally, without stating any ground of objection; and upon the overruling of the objection, he excepted.

The fact, for the proof of which the Almanac was offered, was one of those facts of which a Court may take judicial notice; formal proof of it was therefore unnecessary. It would·have been sufficient to have called it to the knowledge of the Judge at the trial; and if his memory was at fault, or his information not sufficiently full and precise to induce him to act upon it, he had the right to resort to an almanac, or any other book of reference for the purpose of satisfying himself about it (Sub. 8, § 1875, C. C. P.); and such knowledge would have been evidence.    (§ 1827, id.; *Page* v. *Faucet,* Cro. Eliz. 227.)

Besides, a general objection to the admission of evidence is insufficient. (*People* v. *Apple,* 7 Cal. 289; *People* v. *Glenn,* 10 id. 33.) A party objecting to evidence must specify the ground of his objection (*People* v. *Manning,* 48 id. 335); if he does not, there is no error in overruling his objection; and an exception taken to the ruling is not revisable on appeal. (*Winans* v. *Hassey,* 48 id. 635.)

Judgment and order affirmed.

MORRISON, C. J., and THORNTON, MYRICK, McKINSTRY, ROSS, and SHARPSTEIN, JJ., concurred.