---

[Sac. No. 417.   Department Two.—November 19, 1898.]
## MRS. J. B. CARTER, Respondent, v. GEORGE MEULI, Appellant.

TOLL-ROAD FRANCHISE—VACATION OF PUBLIC HIGHWAY—PRIVATE RIGHTS. The vacation of a public highway over the line of a former toll-road, the franchise of which had expired, operated to destroy the road as a public highway, and to vest the rights of way, roadbed, bridges, and other structures in the owners of the private lands; and the right to these would not pass by a subsequent grant of a franchise to construct and maintain a toll-road over the line of the former wagon road.

ID.—POSSESSION OF ROAD— COLLECTION OF TOLLS — PRESUMPTION—FORFEITURE.—One who is authorized to construct and maintain a toll-road over the line of a vacated highway, and who has been for years in possession thereof, collecting tolls according to estab-

lished rates, must be presumed to have constructed the road, and, if he did not, a forfeiture could not be declared in a suit to recover tolls.

ID.—ASSIGNMENT OF FRANCHISE—RATIFICATION.—An assignment of a toll-road franchise, which was expressly recognized by the board of supervisors, who required the assignee to give a bond as owner of the franchise, and approved and filed the bond, was thereby ratified and approved, and is not subject to the objection that the franchise was a personal trust, which could not be assigned without consent of the granting power.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

J. T. Rooney, for Appellant.

Henry E. Carter, for Respondent.

TEMPLE, J.—This action was brought to recover the sum of five dollars, the season's tolls alleged to be due from the defendant for traveling over the Sonora and Mono toll road.

In 1860 a toll road was constructed from Sonora, in Tuolumne county, to Bridgport, in Mono county, under franchises granted by the counties of Tuolumne, San Joaquin, and Stanislaus.

Prior to May, 1883, the franchises had expired, and the road under the law became a public highway. The portion in question here is fifty-eight miles in length, and extends over a rough, mountainous country.

On the seventh day of May, 1883, the board of supervisors "upon proper petition filed" vacated and discontinued the road as a public highway, and on the same day granted to J. B. Carter, "his associates and assigns," a franchise to construct and maintain a toll road for a period of fifteen years, "over that portion of the Sonora and Mono wagon road hereinafter described."

Carter took possession of the road and collected the tolls according to rates fixed by the board until January, 1893, when by deed he conveyed the franchise and road to plaintiff; soon after which he died. Since that time plaintiff has been in pos-

session and has collected tolls. In August, 1896, the board of supervisors required her, as owner of the franchise, to give the bond provided for in the original grant of a franchise to J. B. Carter. In compliance with such order plaintiff gave the bond, which was approved and filed.

1. It is contended that the grant of franchise to J. B. Carter is void, because it was a grant of a public highway to a private individual. In *Blood v. Wood,* 95 Cal. 86, it was held that the board could not authorize an individual to collect tolls on a public highway. It is argued that the mode pursued here was a mere evasion.

But by vacating the public highway the board destroyed the road as a public highway. If it passed over private land the rights of way were lost, and the roadbed, the bridges and other structures, if any, became the property of the land owners. The right to these did not pass to J. B. Carter by the grant of the franchise.

Carter was authorized to *construct* and maintain a toll road. Since he was for years in possession, collecting tolls according to established rates, we must presume he did so. If he did not a forfeiture could not be declared in this suit.

2. It is contended that the franchise could not be assigned without the consent of the granting power, as it is a personal trust. (*Wood v. Truckee,* 24 Cal. 474; *People v. Duncan,* 41 Cal. 511; *Visalia v. Sims,* 104 Cal. 328.)

We find, however, that after the assignment the board of supervisors recognized the assignment and required Mrs. Carter to give a bond as owner of the franchise. The board also approved and filed the bond.

This was a ratification and approval of the transfer.

The judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.