PEOPLE, PLAINTIFF AND APPELLEE, *v.* PARÍS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Larceny.

No. 1128.—Decided April 10, 1917.

LARCENY — DISMISSAL OF PROSECUTION — POSTPONEMENT OF TRIAL — PRESUMPTION.—When a defendant moves to dismiss the prosecution on the ground that the trial was postponed without just cause for more than one hundred and twenty days from the date of the filing of the complaint, he should make a showing of the reasons for the postponements, or that they were made without any reason; for, in the absence of a showing to the contrary, it is presumed that they were made with cause.

ID.—INFORMATION—"SUSTRAER"—DEMURRER.—The word *"sustraer,"* used in an information charging grand larceny, is a sufficient equivalent of one or more of the English words "taking," "carrying," "leading or driving away," and no objection can properly be made to its use.

ID.—ID.—BILL OF PARTICULARS—JURISDICTION.—In the absence of a request for a bill of particulars an information is generally sufficient with regard to the place of the commission of the crime if it is shown to be within the jurisdiction of the court.

Id.—Id.—Demurrer.—Under sections 144 and 152 of the Code of Criminal Procedure, a defect in the swearing of the witnesses to the information must be demurred to before the trial and before the arraignment in the absence of special permission by the court.

Id.—Pleading—Demurrer.—A motion to set aside an information must precede a demurrer. The filing of a demurrer, which must be done at the time of the arraignment or within such further time as the court allows, or a plea, waives all motions to set aside. A plea, which must be made before the day of the trial, waives a demurrer. A court is therefore justified in refusing to entertain a demurrer if first presented on the day of the trial. This court will be disposed to disregard a demurrer so presented for any matter that is not of a privileged nature, such as lack of jurisdiction or failure to charge a public offense.

The facts are stated in the opinion.

*Mr. Eduardo López Tizol* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The appellant was charged with grand larceny and convicted of petty larceny. On the day of the trial and before the jury was called appellant made a motion that the case be dismissed, alleging in effect that the trial was without just cause postponed for more than 120 days from the filing of the complaint. But the appellant made no showing whatever of the reasons for the previous postponements or even that they were made without reason assigned. As it is admitted that the previous postponements were made by the court, the presumption is, in the absence of a showing to the contrary, that they were made with cause.

As soon as this motion was overruled the defendant presented a demurrer. The grounds of this demurrer were of a formal nature and not to substance and were otherwise untenable. With respect to the first of them we shall simply say that the word "*sustraer*" used in the information is sufficient equivalent of one or more of the English words "taking," "carrying," "leading or driving away," and no objection can properly be made to its use.

We have recently said in *People* v. *Girón, ante,* p. 34, that an information is generally sufficient with regard to place

if the latter is shown to be in the district. Hence it was unnecessary in the absence of a request for a bill of particulars to set up the residence of the prosecuting witness with greater particularity than that the house where the alleged theft took place was in Santurce. The information described the house as one in which the prosecuting witness was living, which was a further aid to identification if the defendant needed more. The description of the ring alleged to be stolen was likewise sufficient in the absence of a timely petition for greater particularity.

We have also decided in the case of the *People* v. *Girón*, *supra*, that a defect in the swearing of the witnesses to the information must be alleged before the trial. It should be before the arraignment in the absence of special permission by the court as we shall presently set forth. The other grounds do not merit consideration, especially under the general view we have of objections which are not of a privileged nature like lack of jurisdiction, failure to charge a public offense and perhaps one or two more.

Appellant, without leave of court first had and obtained, presented these objections on the day of trial. With the possible exception of the lack of a speedy trial all these objections come too late. In both civil and criminal cases there is a day fixed for pleading and in criminal cases under sections 144 and 152 this time is the day of the arraignment.

By a number of defendants apparently with the tolerance of some of the courts it has been assumed that the defendant may present any kind of demurrer or objection to an information on the day of the trial. There is no authority for this view. Section 145 provides for certain cases in which an information may be set aside, but section 146 says if the motion is not made defendant is afterwards precluded. Historically and in physical situation in the code itself a motion to set aside must precede a demurrer. The filing of a demurrer or a plea either in civil or criminal cases waives all

motions to set aside, unless the court in its discretion permits the case to be reopened for such a purpose.

Sections 144 and 152 of the Code of Criminal Procedure provide as follows:

"Section 144.—If on arraignment the defendant requires it, he must be allowed a reasonable time, not less than one day, to answer the information. He may, in answer to the arraignment, move to set aside, demur, or plead to the information.

"Section 152.—Both the demurrer and plea must be put in, in open court, either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

The demurrer then must be presented on the day of the arraignment or within such further time as the court allows. The question may arise whether the court in this case did not permit the demurrer to be filed on the day of the trial. But there was no application made for permission and the action of the court might reasonably be construed as having overruled the demurrer because it was presented too late. The plea waives the demurrer. *People* v. *Josephs,* 7 Cal. 129; *People* v. *Aple,* 7 Cal. 289; *People* v. *Shotwell,* 27 Cal. 394; *Territory* v. *Duncan,* 5 Mont. 478. The pleadings should all be presented before the day of the trial and the court is justified in refusing to entertain a demurrer as such if first presented on the day of the trial. We think the courts below will save themselves, witnesses, and jurors much time if, when the exigencies of justice do not demand a different course, they insist on a strict compliance with this rule. It is not fair that jurors and witnesses be kept waiting on the day that they are summoned while the parties are discussing questions of law that should have been disposed of beforehand. It is not fair to the prosecuting officers that questions should be sprung on them on the day of the trial. It is not fair that the court should have to consider questions in such a summary manner. If counsel have a real objection to the information, especially if it is a formal or technical one, it should

not come as a surprise at the trial. We ourselves shall be disposed to disregard a demurrer so presented for any matter that is not of the class that we have called privileged.

We do not mean to imply that a defendant should be at all strictly limited in presenting objections to the information. If he makes application therefor before the trial and especially if he has been unrepresented by counsel at the time of the arraignment, the court should be extremely liberal, but we do wish to stress the point that an objection to the information of a formal nature made on the day of the trial comes too late. The time for pleading has passed; the time for raising objections has passed, unless they are of a privileged nature. The court should hear and dispose of a demurrer before the day of the trial and counsel have a right to insist on this.

The only other question in this case is the sufficiency of the proof. The evidence tended to show the ownership and loss of a ring, the pawning of the same ring by the defendant and the opportunity for taking the said ring on the part of the defendant, inasmuch as defendant was a servant in the house where the prosecuting witness was living. The principal link in this chain of circumstantial evidence was the statement of witness Llompart. When asked about the person who had pawned the ring he could not say whether she was black, mulatto or white, but when presented with the defendant he identified her as the person who pawned the ring. The question of the weight of his evidence was one for the jury and we find no reason for attacking its verdict. The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.

A motion for reconsideration was overruled on April 20, 1917.