PEOPLE, PLAINTIFF AND APPELLEE, *v.* ROSA, DEFENDANT AND APPELLANT.

Appeal from the District Court of Arecibo in a Prosecution for Violation of Section 162 of the Penal Code.

No. 1197.—Decided November 30, 1917.

INFORMATION—DEMURRER.—Even when the defendant does not set out in writing the grounds for his demurrer that the facts alleged in the information do not charge a public offense, the court should not refuse to consider the demurrer as it is of a privileged character, but that fact cannot serve as a basis for obtaining the reversal of the judgment appealed from inasmuch as the defendant had an opportunity to argue the demurrer on its merits before this court and failed to do so. Moreover, an examination of the information shows that it charges the defendant with the offense defined and punished by section 162 of the Penal Code.

OFFENSE AGAINST ELECTION LAW—REGISTERING WHILE UNDER AGE—EVIDENCE.— The defendant in this case was charged with the offense of registering as a voter before attaining the required age. The *fiscal* produced in evidence a certificate of birth from the civil registry showing that the defendant was born on April 26, 1896. The defendant offered in evidence a certificate of baptism showing that the child Juan Toribio was baptized on June 23, 1885, besides which the father of the accused testified that his son was baptized on May 16, 1995 (*sic*). *Held:* That inasmuch as it was a question of the weight to be given the evidence and the trial judge had an opportunity to observe the defendant personally before deciding the question of whether he was twenty or thirty-one years of age, his decision should not be disturbed by this court.

The facts are stated in the opinion.

*Mr. José de J. Esteves* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Toribio Rosa, known as Juan Rosa Maysonet, was charged by the district attorney of the district of Arecibo with the crime defined and punished by section 162 of the Penal Code, in that "In Manatí, of the Judicial District of Arecibo, P. R., on July 7, 1916, he personally appeared before the board of registration for the precinct of Manatí and then and there wilfully caused his name to be registered in the registry of voters of the municipality of Manatí, knowing that he was not entitled to such registration because he would not have reached the age of twenty-one years or more, the age required by law for voters at the general election to be held in Porto Rico, on the day set therefor, or November 7, 1916."

On the plea of not guilty the defendant was tried and convicted and sentenced to imprisonment in jail for four months, with the costs. Feeling aggrieved by the judgment, he took the present appeal.

The following is quoted from the "bill of exceptions and statement of the case":

"Be it known that on December 8, 1916, this case was called for trial before the District Court of Arecibo and both parties signified that they were ready for trial, whereupon the defendant was arraigned and his attorney demurred to the complaint on the ground that the facts alleged therein did not constitute a public offense. The demurrer was made in writing and is attached to the record. The district attorney opposed its admission on the ground that it did not conform to the legal requirements, and the court ruled that it could not be considered because it did not conform to the provisions of section 154 of the Code of Criminal Procedure, in that it failed to state the grounds of the objection to the information. The defense excepted."

The attorney for the defense contends in his brief that the court erred in refusing to consider the demurrer, as it

was of a privileged character and could be interposed at any time, but fails to include a single word which would reveal to this court directly or indirectly why the defendant understands that the facts alleged in the information do not constitute a public offense.

Section 153 of the Code of Criminal Procedure provides that the defendant may demur to the information when it appears upon the face thereof, among other things, "that the facts stated do not constitute a public offense." And section 154 of said code reads literally as follows:

"The demurrer must be in writing, signed either by the defendant or his counsel, and filed. It must distinctly specify the grounds of objection to the information, or it must be disregarded."

Although the trial court apparently adhered strictly to the letter of the law, we are of the opinion that it should not have refused to consider the question raised. The demurrer having been filed, the court, in view of its privileged character, should have heard the parties on its merits and ruled thereon as the circumstances demanded. See the summary of the California jurisprudence on the subject in Pomeroy's Codes and Statutes of California, Penal Code, p. 363:

"A demurrer upon any of the grounds above enumerated presents the objection to the sufficiency of the indictment or information. It must be in writing, distinctly specifying the grounds of objection, and must be interposed prior to the joinder of issue of fact by plea. Unless so interposed, any of the objections mentioned that appear upon the face of the indictment or information are waived, and cannot be taken advantage of upon the trial or in arrest of judgment; excepting, however, the objection to the jurisdiction of the court, and that a public offense has not been charged, which may be taken advantage of at any time. Secs. 1082, 1185; *People* v. *Josephs*, 7 Cal. 129; *People* v. *Apple*, 7 Cal. 289; *People* v. *Shotwell*, 27 Cal. 394; *People* v. *Garnett*, 29 Cal. 622; *People* v. *Jim Ti*, 32 Cal. 60; *People* v. *Burgess*, 35 Cal. 115; *People* v. *Turner*, 39 Cal. 370; *People* v. *Swenson*, 49 Cal. 388."

But notwithstanding the fact that the defendant had ample opportunity to state the grounds for his contention that the information does not charge the commission of a public offense, both in his brief and at the hearing before this court, he failed absolutely so to do. This circumstance and the fact that we have examined the information and reached the conclusion that it charges the defendant with the public offense defined and penalized by section 162 of the Penal Code, clearly demonstrate that the refusal of the court to consider the question did not prejudice the defendant and cannot serve as a basis for the reversal of the judgment appealed from.

The appellant further contends that the trial court erred in convicting him after having admitted in evidence a certain baptismal certificate showing that he was baptized in June, 1885, and had therefore reached the age required by law on the day of the election.

The following appears in the bill of exceptions and statement of the case:

"The fiscal then offered in evidence, without any objection on the part of the attorney for the defense, a certificate of birth from the civil registry of Manatí, which was admitted by the court."

It appears also that a baptismal certificate introduced by the defendant was finally admitted by the court, and the court said:

"The court admits in evidence a certificate of the priest, Pedro Morante, dated Manatí, November 11, 1916, which in its material part states that in the archives of the said parish there is a baptismal certificate reading as follows: 'In this parish of our Lady of Candelaria and San Matías, I, Juan Zabat Llauger, officiating priest, solemnly baptized and anointed Juan Toribio with oil and chrism on June 23, 1885.'"

The question is simply one of the weight to be given to the evidence. From the certificate of the civil registry it

appears that on May 18, 1896, Juan Rosa Cortés appeared before the municipal judge of Manatí and applied for and obtained the registration of his natural son born on April 16, at 5 p. m. If the defendant was born on April 16, 1896, it is manifest that he was not twenty-one years of age on November 7, 1916.

If the certificate of baptism admitted in evidence refers to the defendant, then, having been baptized on June 23, 1885, his age on November 7, 1916, would have exceeded by ten years the minimum age which the statute requires for voters in Porto Rico.

Juan Rosa, the father of the defendant, testified at the trial and denied that he had applied for the registration of the birth of his son, thus contradicting the statement made in the books of the civil registry. And he further testified that his son was baptized by Father Llauger ''on May 16, 1995'' (*sic*). A manifest error has been committed in transcribing the date. The witness could not have been baptized in the year 1995. Did the witness mean 1895 or 1885? We cannot say; but, in any event, the 16th of May stated by the witness is not the 23rd of June shown by the baptismal certificate.

If these circumstances are taken into consideration and also that the defendant was present at the trial and therefore the trial court had an opportunity, which we have not, to observe him personally before deciding the question of whether he was twenty or thirty-one years of age, we are of the opinion that its decision of that question should not be disturbed by this court.

The appeal should be dismissed and the judgment appealed from

*Affirmed.*

Justices Wolf and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.