[Crim. No. 805. First Appellate District.—August 16, 1918.]

## THE PEOPLE, Respondent, v. FRANK T. HART, Appellant.

CRIMINAL LAW — EVIDENCE — IMPEACHMENT OF WITNESS—FOUNDATION NOT LAID—GENERAL OBJECTION INSUFFICIENT.—Although the proper foundation was not laid for the impeachment of a witness under section 2052 of the Code of Civil Procedure, the trial court did not err in overruling a general objection to a question offered for the purpose of impeaching such witness where the party objecting to the question neither gave nor attempted to give the grounds of his objection, nor moved to strike out the answer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from orders denying motions for a new trial and in arrest of judgment. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Edward W. Parker, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—Defendant together with Stanley J. Fink and Gus Hinos were charged by information with the crime of robbery. The charge against Hinos was dismissed. Fink pleaded guilty, while the defendant pleaded not guilty, relying upon an *alibi.* After trial he was convicted and sentenced to imprisonment. This is an appeal from that judgment and from orders denying defendant's motions for a new trial and in arrest of judgment.

The evidence amply supports the verdict. During the trial, however, the prosecution called a witness to the stand for the purpose of impeaching Stanley J. Fink, a witness for the defendant; and as the proper foundation for the question, as provided in section 2052 of the Code of Civil Procedure, had not been laid, the defendant asserts that the judgment of conviction should be reversed. This might or might not be true if the defendant had interposed a seasonable or any objection to the question; but while he stated that he objected to the question, he did not give or attempt to give the grounds of his objection, nor did he move to strike out the answer to the question. A general objection to the admissibility of evidence is insufficient. (*People* v. *Nelson,* 85 Cal. 421, [24 Pac. 1006].) A party objecting to evidence must specify the grounds of his objection, and if he does not, there is no error in overruling it. (*People* v. *Chee Kee,* 61 Cal. 404.)

Appellant makes no other point warranting special mention. The judgment and order are affirmed.