## LOUISE HINKEL v. N. J. STEMPER, SOLE TRADER DOING BUSINESS AS BOSTON FISH COMPANY.[1]

January 14, 1921.

No. 22,076.

**Limit of speed—construction of statute.**

1. Section 2635, G. S. 1913, regulating the speed of motor vehicles in cities and villages, is not to be construed as permissive in purpose; it merely sets a limit, an excess of which will constitute presumptive evidence of negligence.

**Speed must conform to danger confronting driver.**

2. Notwithstanding the limit there prescribed, the speed of such vehicles in cities and villages must be measured by the conditions and dangers with which the driver is for the time surrounded, such as will constitute ordinary care in the particular case.

**Questions for jury — damages not excessive.**

3. The evidence made the question of negligence and contributory negligence issues for the jury, and the verdict therein is sustained; the damages are not excessive.

Action in the district court for Hennepin county to recover $10,000 for injuries inflicted when plaintiff was struck down by defendant's automobile truck. The answer alleged that at the time of the accident the automobile was in plain view and that plaintiff failed to exercise ordinary care for her own safety. The case was tried before Dickinson, J., who when plaintiff rested denied defendant's motion for a directed verdict and its motion for dismissal on the ground that the testimony showed that plaintiff was guilty of contributory negligence and that there was no testimony in the case upon which negligence on the part of defendant could be imputed, and a jury which returned a verdict for $1,450. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John G. Priebe,* for appellant.

*Edward P. Garrett,* for respondent.

[1]Reported in 180 N. W. 918.

BROWN, C. J.

Action for personal injuries in which plaintiff had a verdict, and defendant appealed from an order denying its motion for judgment notwithstanding the verdict or a new trial.

Defendant under the different assignments of error contends: (1) That the evidence is insufficient to support the verdict; (2) that plaintiff's contributory negligence conclusively appears; (3) that the damages awarded plaintiff are excessive; and (4) that there was error in the instructions to the jury. We are unable to sustain either contention and they do not require extended attention.

1. The accident resulting in plaintiff's injuries occurred at the intersection of Nicollet avenue and Seventh street in the city of Minneapolis, which cross at right angles. Plaintiff was walking out on Nicollet avenue, her destination being her home on Twelfth street South. As she reached the curb on Seventh street, and before attempting to cross, she paused and looked to the right and noticed that the travel was along Nicollet avenue in harmony with directions of a semaphore in charge of a traffic officer at that point. She then started across the street and when she reached the center thereof the semaphore was changed and the traffic then proceeded across Nicollet avenue from both directions on Seventh street. She saw for the first time after passing the center of the street an automobile truck approaching her from behind, which overtook and struck her down, causing the injuries complained of. Her testimony is so clear, specific and brief that we quote it for the purposes of a better understanding of the situation:

"I got as far as the curb and looked to see if any cars [were] coming and I see traffic going up Nicollet, and I saw more people walking across the street. I got a little more than half way, and I notice[d] a car coming about four feet away from me, coming slanting behind me, and I walked fast to get to Atkinson's, and I think the car followed me, and hit me about four or five feet from Atkinson's and knocked me down."

The Atkinson store is on the opposite side of Seventh street from where plaintiff started to cross the same. If the evidence so given by plaintiff expresses the truth, a question for the jury and trial court, it is ample to sustain the charge of negligence against the driver of the truck. This particular street intersection is one of the busiest in the

city, and drivers of automobiles over and across the same are charged with care commensurate with the situation to avoid striking those who may be upon and in the rightful use of the street. Whether the driver of defendant's truck exercised the proper degree of care was, on the evidence, a question for the jury and properly submitted to them. There was evidence that he did not sound the truck horn or give other notice of his approach to plaintiff and one or two other pedestrians then crossing the street. The testimony of plaintiff, above quoted, that she first saw the truck when but a few feet away, coming toward her from behind, and that she hastened to get out of its way, is not substantially discredited by the other evidence in the case. The case is wholly unlike Provinsal v. Peterson, 141 Minn. 122, 169 N. W. 481. There the plaintiff stepped from the curb of a street he intended to cross and walked directly into a passing automobile, coming in contact with the rear wheel. No such facts appear in the case at bar. The situation here presented is far from one justifying the conclusion of contributory negligence as a matter of law. Hurrying to avoid being hit by an approaching automobile is evidence of care and prudence rather than of neglect or indifference.

2. There was no error in the charge of the court in reference to the question of defendant's negligence. Section 2635, G. S. 1913, limiting the speed of motor vehicles in cities and villages where the traffic is congested to 10 miles an hour has no particular application to the case. There is no showing that the truck exceeded that limit. But the statute is not permissive in purpose, it merely sets a limit, an excess of which will constitute presumptive evidence of negligence. Notwithstanding the rule of the statute, the speed of such a vehicle must be measured by the conditions and dangers with which the driver is surrounded, and such as will constitute ordinary care and prudence under the circumstances presented. The statute does not prescribe the full measure of duty in such cases. Armstead v. Lounsberry, 129 Minn. 34, 151 N. W. 542, L.R.A. 1915D, 628. The failure of the court to instruct the jury upon the doctrine of falsus in uno, falsus in omnibus, was not error. State v. Sugarman, 126 Minn. 477, 484, 148 N. W. 466, 52 L.R.A. (N.S.) 999.

The trial court has approved the verdict as to amount, and we find from the record no sufficient reason for interference. The weight and

effect to be given the testimony of the several witnesses, including the experts, were for the jury.

Order affirmed.