# ABE COHEN v. I. SILVERMAN AND GEORGE A. BECK. I. SILVERMAN, APPELLANT.[1]

November 17, 1922.

No. 23,025.

**Defendant negligent in making left turn at street intersection and in not yielding the right of way.**

1. There is evidence that defendant Silverman was negligent at a street intersection, in not passing to the right of the center of the intersection in making a left turn, and in passing directly in front of defendant Beck's truck which approached from his right and had the right of way.

**His negligence proximate cause of collision.**

2. There is evidence also that Silverman's negligence was a proximate cause of a collision of his car with the truck.

**Judicial notice of hour sun sets—driver negligent in not carrying lights when required by reasonable care.**

3. There is evidence that the collision occurred after 5:30 p. m. on November 26. The court will take judicial notice that the sun set at 4:36 p. m. on that day. The truck carried no light. There was evidence of negligence on the part of the truck driver. It was error to direct a verdict for the defendant Beck at the close of plaintiff's case.

**One joint tort-feasor cannot complain of dismissal of action as to the other.**

4. Defendant Silverman cannot complain of the error. Generally one joint tort-feasor cannot complain of the erroneous dismissal of the action as to another. There are no circumstances in this case to warrant a relaxation of the rule. The court made it clear to the jury that, on the evidence as it was submitted to them, they might find that the truck driver was negligent and that Silverman was not.

**Defendant estopped by his own objection.**

5. Plaintiff asked leave to reopen the case as to defendant Beck. Defendant Silverman objected. He cannot now complain that Beck is not in the case.

[1] Reported in 190 N. W. 795.

Action in the district court for Hennepin county to recover $5,375 for injuries caused by a collision between a motor car and truck. The case was tried before Hale, J., who, when plaintiff rested granted the motion of defendant Beck and denied the motion of defendant Silverman for a directed verdict, and a jury which returned a verdict in favor of plaintiff against defendant Silverman for $2,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant Silverman appealed. Affirmed.

*Hoke, Krause & Faegre* and *H. P. Quealy,* for appellant.

*N. Rivkin* and *George R. Smith,* for respondent.

HALLAM, J.

Plaintiff was riding as a gratuitous passenger in an automobile driven by defendant Silverman. The car came into collision with a truck of defendant Beck. In the collision plaintiff was injured and sued both Silverman and Beck for damages. At the conclusion of plaintiff's case the court directed a verdict in favor of defendant Beck. The case proceeded against defendant Silverman and the jury found a verdict against him. Defendant Silverman appeals.

1. Defendant Silverman contends that the evidence is insufficient to warrant a finding that he was negligent. We think the evidence is sufficient.

Silverman was going north on Third street. The Beck truck was going south on the same street. It was on November 26, and, as plaintiff claims, after dark. Silverman undertook to make a left turn on to Sixth avenue North. It was while making this turn that the collision occurred. The record is somewhat vague as to the precise place of the collision, partly by reason of the fact that locations were sometimes indicated by the witnesses by pointing to a map. The jury could see the places indicated, but they were not in all cases marked on the map. The record does, however, show plaintiff's testimony, that Silverman made a "short turn," and that he "didn't go out into the center of Sixth street before he turned," and again that he began to turn "to the left of the

center of Third street." After the collision, Silverman's car was against the curb at the southwest corner of the intersection and the truck was partially on the sidewalk nearby. The evidence is sufficient to sustain a finding that Silverman's car did not pass to the right of the center of the intersection, as required by General Statutes 1913, § 2634, as amended chapter 472, Laws 1921, § 6, p. 785. If Silverman failed to pass to the right of the center of the intersection as this statute requires, he was negligent as a matter of law. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275.

There is other evidence of negligence. It appears that the Beck truck had the right of way. Holman v. Ivins, 150 Minn. 285, 184 N. W. 1026. The Beck truck was in plain sight and approaching slowly, yet Silverman passed directly in front of the truck and said he did not see it. He did not yield the right of way and could not have been keeping a careful lookout for other vehicles. The Beck truck was without lights, but this did not relieve Silverman of his duty to exercise care.

2. If Silverman was negligent, there can be but little question that his negligence was a contributing cause of the collision. Blindly cutting a corner in making a left turn at a street intersection, when there is a nearby car approaching from the right, is without much doubt a proximate cause of a collision that follows. The want of lights on the truck may have been a contributing cause of the collision, but we cannot say that it was the sole cause.

3. Defendant Silverman contends that the evidence showed that the driver of the truck was negligent, and that it was error prejudicial to Silverman to direct a verdict in his favor. It seems clear that in this the court did err. We need not determine whether it is ever proper to direct a verdict at that stage of the case. It is admitted that the truck driver was driving without lights. The sun set at 4:36 p. m. This was a fact of which the court takes judicial notice. Berry, Automobiles, § 182. Topper v. Maple, 181 Iowa, 786, 165 N. W. 28; Everart v. Fischer, 75 Ore. 316, 145 Pac. 33, 147 Pac. 189. There is evidence that the collision occurred more than an hour after 4:36 p. m. The statute requires every motor vehicle to display lighted lamps from one hour after sunset

to one hour before sunrise. G. S. 1913, § 2632. Even if the collision did not occur within the period during which the statute requires lights to be carried, still, if it was dark and reasonable care required the exhibition of a light, the driver would be negligent in not carrying lights. See Armstead v. Lounsberry, 129 Minn. 35, 151 N. W. 542, L. R. A. 1915D, 628; Hinkel v. Stemper, 148 Minn. 77, 180 N. W. 918. The question of the liability of defendant Beck should have been submitted to the jury.

4. We are of the opinion, however, that defendant Silverman cannot avail himself of the court's error. As a general rule one tort-feasor cannot complain of the dismissal of a case against a joint tort-feasor. Clark v. City of Austin, 38 Minn. 487, 38 N. W. 615; Adams v. City of Thief River Falls, 84 Minn. 30, 86 N. W. 767; Peterson v. City of Red Wing, 101 Minn. 62, 111 N. W. 840. Plaintiff may sue one or all. Those sued cannot complain that others are not joined. It follows that none can complain of the dismissal of a suit against others than himself. Defendant contends, however, that the circumstances of the dismissal were such as to prejudice him, that the court in effect gave the jury to understand that the truck driver was not negligent, with the result that there was little else left for them but to find Silverman negligent. There may be cases where the circumstances of dismissal of the action as to one joint tort-feasor sued, may prejudice another against whom the suit proceeds. But in our judgment this is not such a case. The court in his charge made it very clear that, at the time the case was submitted to the jury, there was evidence, not in the case when defendant Beck was dismissed, from which they might find that the truck driver was negligent, and that Silverman was not negligent. Evidence that the collision occurred more than an hour after sundown had been supplied. The charge of the court fairly instructed the jury as to the issues and fully safeguarded the rights of defendant Silverman.

5. There is an additional reason in this case why defendant Silverman cannot complain. Before the case closed, plaintiff asked leave to reopen the case as to defendant Beck and defendant Silverman objected, and his objection was sustained. Having been in-

strumental in keeping Beck out of the case he cannot now object that Beck is not in the case.

Order affirmed.