## MARY DORE v. SWIFT & COMPANY.[1]

November 23, 1928.

No. 26,923.

**Evidence sustained finding that plaintiff was an invitee.**
1. The evidence sustains a finding that the plaintiff was an invitee upon the premises of the defendant.

**Verdict sustained.**
2. The evidence sustains a finding that the defendant was negligent in maintaining an icy and slippery walk upon its premises.

Negligence, 45 C. J. § 834 p. 1262 n. 8; § 838 p. 1273 n. 77.

Defendant appealed from an order of the district court for Ramsey county, Boerner, J. denying its alternative motion for judgment or a new trial. Affirmed.

*Barrows & Stewart,* for appellant.
*Leslie C. Smith,* for respondent.

DIBELL, J.

This is an action to recover for personal injuries sustained by the plaintiff when on the premises of the defendant in South St. Paul. There was a verdict for $250. The defendant appeals from an order denying its alternative motion for judgment or a new trial.

1. On April 5, 1926, at seven o'clock in the morning, the plaintiff went to the defendant's premises in search of employment. The de-

[1]Reported in 221 N. W. 904.

fendant maintained an employment office upon its grounds. The guard or policeman of the defendant directed her to it. He seems to have known that she was in search of work. The plaintiff says that he told her "they hiring women folks this morning," and said that he would show her the way to go and did so. Under these circumstances there is no trouble in holding that a finding that she was an invitee is sustained by the evidence. See 4 Dunnell, Minn. Dig. (2 ed.) § 6984. The claim that the plaintiff did not occupy the position of an invitee was not featured below. It was discussed at length here.

2. The more difficult question is whether the defendant was negligent. That it is the duty of the owner of premises to exercise ordinary care in keeping them reasonably safe for those invited to use them is not questioned. Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012; Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586; Poppleston v. Pantages M. Theatre Co. 175 Minn. 153, 220 N. W. 418; 4 Dunnell, Minn. Dig. (2 ed.) § 6984, et seq. The walk was icy. There was sleet the night before, and perhaps some snow. The pavement was of brick. The guard says it "looked kind of glassy," that the "sleet storm formed a thin coat of glaze or sleety ice," and that he said to the plaintiff, "Be kind of careful, it may be a little slippery here this morning." Many traveled the same route. The defendant knew that the way was to be used by pedestrians in the condition it was. That was the kind of way it furnished.

The evidence of want of care in providing a safe way to the employment office is slight. The evidentiary facts are in dispute. We are of the opinion however that it was a question for the jury rather than for the court and that the verdict should be sustained. The claim of contributory negligence does not require discussion.

Order affirmed.

STONE, J. (dissenting).

In my opinion, there was not sufficient proof of negligence to take the case to the jury.

HILTON, J. took no part.