## THOMAS BARTLEY v. MARVIN FRITZ.[1]

April 21, 1939.

No. 31,990.

[1]Reported in 285 N. W. 484.

*Douglas P. Hunt* and *Alva R. Hunt*, for appellant.

*Freeman & King, Charles P. Le Richeux*, and *Paul G. Kief*, for respondent.

GALLAGHER, CHIEF JUSTICE.

Appeal from an order denying plaintiff's motion for a new trial after a directed verdict in favor of defendant.

Plaintiff instituted the action to recover damages for injuries sustained by him on the night of October 26, 1937, as the result of a collision between an automobile owned and driven by one Robert Schulte, in which plaintiff was riding as a guest, and a stock truck owned by defendant and parked, according to plaintiff's testimony, on the traveled portion of highway No. 17. The accident occurred within the limits of the village of Clara City, through which the highway passes in a southeasterly and northwesterly direction.

On the evening in question and before the happening of the accident, defendant was making preparations for taking a truck load of hogs from Clara City to South St. Paul. Fred and Charles Jaenisch planned to accompany him. Having made arrangements for loading the hogs and desiring to rest for a few hours before starting on the trip, defendant went to his home, which is located about three blocks northwest of the business district of the village and on the southwest side of the highway. After the hogs were loaded, a helper and the Jaenisches drove the truck to defendant's home and parked it in front of the house on the right side of the highway facing southeast, *i. e.*, toward the business district. The men went into the house, where they remained about three-quarters of an hour, during which time the engine of the truck was idling and the front and rear lights were burning.

At about a quarter of 12 defendant and his companions came out of the home and approached the truck. The former and Fred Jaenisch entered the cab. Whether Charles Jaenisch had entered or was about to enter, and whether the truck was standing or moving, at this moment, are disputed questions of fact.

It was at this time that the car in which the plaintiff was riding approached from the northwest and ran into the truck. Neither the driver nor the plaintiff saw the truck until just before the impact. As a result of the collision plaintiff sustained injuries for which he seeks damages.

A brief description of the scene may be pertinent. There is somewhat of a grade to the highway as it passes from the business section of the village past defendant's home to the northwest. The crest of the rise is at a schoolhouse located about a block northwest of defendant's home. Beyond the school the road turns to the north, and the grade drops quite abruptly. A street light which was burning at the time of the accident is located about 150 feet northwest of the place where the accident happened. The highway, as it passes defendant's home, is 80 feet wide, has a 22-foot tarvia top (marked in the center with a yellow line), and five-foot gravel shoulders.

At the close of the testimony defendant moved the court for an instructed verdict "for the reason and on the ground that the plaintiff has failed to sustain the burden of proof and prove any actionable negligence on behalf of the defendant which caused or concurred in causing his injuries." In granting the motion the court said:

"As the court understands the law applicable to the facts in this case the court cannot help but grant the motion and, members of the jury, while in cases tried to the jury, the facts are ordinarily for the jury to determine and the law for the court, it is also the duty of the court to declare the law upon any given state of the evidence, and taking the best view of the evidence in favor of the plaintiff and disregarding the evidence on the part of the defendant,

it becomes here the duty of the court to charge you to return a verdict in favor of the defendant."

From the foregoing we cannot determine whether the trial court was of the opinion that plaintiff had failed to establish negligence on the part of defendant or whether it was of the opinion that, even though the issue of defendant's negligence was for the jury, plaintiff had failed to show any causal connection between such negligence and the injuries he sustained. We suspect, however, that the motion was granted on the latter ground because it quite clearly appears that there was a jury question in determining whether there was negligence on defendant's part in leaving the truck parked at night in the manner and under the circumstances claimed by plaintiff. So to decide does not require a holding that defendant violated 3 Mason Minn. St. 1938 Supp. § 2720-217, which applies only to highways outside of a business or residence district. If defendant or his employe parked the truck on the tarviated portion of the highway in the manner described by plaintiff's witnesses, he violated 3 Mason Minn. St. 1938 Supp. § 2720-220, which reads:

"Except where angle parking is permitted by local ordinance every vehicle stopped or parked upon a roadway where there is an adjacent curb shall be so stopped or parked with the right-hand wheels of such vehicle parallel with and within 12 inches of the right-hand curb, provided that such exception shall only apply to a state trunk highway after approval by the commissioner."

Apart from this statute, there is a common-law duty on the part of the operator of a truck or automobile to use due care. The requirements of the statute are cumulative and do not nullify the common-law duty. Holmes v. Merson, 285 Mich. 136, 280 N. W. 139; Babbitt, Motor Vehicle Law (4 ed.) § 537; Cohen v. Silverman, 153 Minn. 391, 190 N. W. 795; Hinkel v. Stemper, 148 Minn. 77, 180 N. W. 918.

There was ample evidence to warrant the jury in finding that defendant was guilty of negligence in permitting his truck to be parked in a negligent manner. See Wicker v. North States Const.

Co. Inc. 183 Minn. 79, 235 N. W. 630; and note in 73 A. L. R. 1074.

What appears to be the real question in the case is: Was there any causal connection between defendant's negligence, assuming that he was negligent, and plaintiff's injuries? There was considerable evidence to the effect that Schulte, the driver of the car in which plaintiff was riding, shortly after the accident, either said that he "must have been asleep" or made a similar statement of like import. On the other hand, Schulte denied that he was asleep and testified that he remembered coming over the crest of the hill and meeting cars between that point and the place of the accident. He attributed his failure to see the truck to the glare from the lights of approaching vehicles. While he admitted making an assertion to the effect that he "must have been asleep," he claimed that he did not intend to imply that he was asleep in the strict sense of that word. He also sought to avoid the admission by the claim that he was in a dazed condition at the time it was made. Further, plaintiff testified that he remembered talking with Schulte at a point about a block from the place of the accident.

If there was uncontradicted evidence that Schulte was asleep in the strict sense of the term, it might be argued that the rule enunciated in Geisen v. Luce, 185 Minn. 479, 242 N. W. 8, would govern the case. It is not necessary to speculate at this time concerning such an instance since there was here evidence from which the jury could reasonably conclude either that he was or was not awake. The denial by Schulte that he was in fact asleep and the corroboration in this respect by the plaintiff cannot be brushed aside by saying that the jury would not and could not believe them. Such being the case, it was for the jury to say whether there was a chain of causation between defendant's negligence in leaving the truck parked on the highway and the injuries suffered by plaintiff. We need make but brief reference to the applicable legal principles.

It is well recognized that when an injury is caused by the concurrent negligence of several, the negligence of each is deemed to be a proximate cause of the injury and each is liable for the resultant damage. Dunnell, Minn. Dig. 1937 Supp. § 7006; Findley v. Brittenham, 199 Minn. 197, 271 N. W. 449; Guild v. Miller, 199

Minn. 141, 271 N. W. 332; Kulla v. E. B. Crabtree Co. 203 Minn. 105, 280 N. W. 16. See Prosser, *The Minnesota Court on Proximate Cause,* 21 Minn. L. Rev. 19, 22-26. The test of proximate cause is not whether the particular injury or any injury could or should have been anticipated but whether there was a direct causal connection between the alleged negligent act or omission and the resulting injury. Hamilton v. Vare, 184 Minn. 580, 239 N. W. 659.

A verdict may be directed in those unequivocal cases where it clearly appears to the court on trial that it would be its duty to set aside a contrary verdict as not justified by the evidence or as contrary to the law applicable to the case. Abbett v. C. M. & St. P. Ry. Co. 30 Minn. 482, 16 N. W. 266; Yates v. Gamble, 198 Minn. 7, 268 N. W. 670; 23 Minn. L. Rev. 363, 367. It is only in the clearest of cases where the facts are undisputed and it is plain that all reasonable men can draw only one conclusion that the question of negligence becomes one of law. Mechler v. McMahon, 180 Minn. 252, 230 N. W. 776, and cases there cited. See also Hack v. Johnson, 201 Minn. 9, 275 N. W. 381. A motion for a directed verdict presents a question of law only. It admits, for the purposes of the motion, the credibility of the evidence for the adverse party and every inference which may be fairly drawn from such evidence. 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 9764, and cases cited.

We conclude, therefore, that since the record discloses evidence from which the jury could reasonably infer that defendant was negligent and that this negligence was a material and substantial factor in causing injury to the plaintiff, the trial court erred in directing a verdict in favor of the defendant.

Order reversed and a new trial granted.

Mr. Justice Hilton, incapacitated by illness, took no part.