## HELEN SANKIEWICZ v. J. E. SPECKEL AND ANOTHER.[1]

March 14, 1941.

No. 32,686.

*Joseph P. O'Hara* and *Robert Sheran,* for appellant.
*Freeman & King* and *Charles P. LeRicheux,* for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from a judgment entered in conformity with an instructed verdict for defendants. Her motion for new trial prior to entry of judgment was denied. Deeming that order and the resulting judgment erroneous, this appeal followed.

[1]Reported in 296 N. W. 909.

The action is one to recover damages for injuries received in a head-on collision between an automobile in which plaintiff was riding and defendants' truck. The scene of accident was at a curve in the highway through a cut, the bank to the east being about four to five feet in height above the roadway, the bank to the west about two to three feet. There was also an additional elevation of about two feet on the east bank caused by drifting snow. The highway was slippery due to ice formation on top of the tarvia surface.

There is direct and positive proof that the car in which plaintiff was riding was on its own side of the highway both before and at the time of the impact; that the truck coming from the opposite direction into the curve was not seen by the driver of the car until within 50 to 75 feet therefrom. The truck driver says that he saw the automobile when 150 to 200 feet distant. The speed of the car, so the driver testified, was about 20 to 25 miles per hour. The oncoming truck, weighing with its load six or more tons, was traveling about 35 to 40 miles per hour and was, in part at least, over the center and upon the traffic lane of the passenger car. A moment before the impact the truck driver turned to his right, but the vehicles were then so close that a head-on collision followed, causing the car in which plaintiff was riding to be pushed back some 40 or 50 feet and swung around so that it was backed into the ditch to the truck's right-hand side.

■ There is much testimony questioning plaintiff's theory of the cause of the accident and as to who was at fault. However, one must always be mindful that the question of causal relation is generally "one of fact for the jury and  *  *  *  'should be determined by them in the exercise of practical common sense rather than by the application of abstract principles.'" Smith v. Carlson, 209 Minn. 268, 274, 296 N. W. 132, 135.

■ The mere fact that a witness's testimony may be shaken on cross-examination does not, as a matter of law, remove from the jury's consideration all the testimony of such a witness.

"There is no arbitrary rule for weighing testimony. * * * In determining what fact the testimony of a particular witness establishes or tends to establish, his whole evidence as brought out on direct and cross-examination should be considered." 6 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 10343a, and cases cited; Klingman v. Loew's Inc. 209 Minn. 449, 296 N. W. 528.

■ The facts in respect of defendants' negligence, as the court saw the situation, "conclusively show that the accident occurred just exactly as the defendant [driver] says it occurred." While the jury could have so found the facts to be, that did not remove the case from one presenting a jury issue to one of law for the court.

Plaintiff's case was for the jury, and the court erred in directing a verdict.

Judgment reversed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.