## MONA SLINDEE v. CITY OF ST. PAUL.[1]

March 23, 1945.

No. 33,931.

[1]Reported in 18 N. W. (2d) 128.

*Bruce J. Broady,* Corporation Counsel, and *Ira Karon,* Assistant Corporation Counsel, for appellant.

*Bundlie, Kelley & Finley, Joseph A. Maun,* and *Ronald S. Hazel,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order denying its alternative motion for judgment or a new trial.

These are the facts: Plaintiff and her husband were occupying an apartment on the second floor of a building fronting on Holly avenue. Their only means of ingress and egress was the entrance on Holly avenue. At about 9:30 o'clock in the evening of March 8, 1943, plaintiff took her "little seven-year-old Scottie" dog out for its customary evening "airing." The husband worked on a night shift, and for that reason plaintiff alone took the dog out for its evening chore. All that winter snow and ice had accumulated upon the abutting sidewalk so that it had become "bumpy," "icy," "sliding," and "sloping" toward the boulevard. There was a retaining wall in front of the building along the edge of the walk, and from it the slope extended over the walk and toward the boulevard and street. Melting snow and pedestrian traffic had caused the walk to become very dangerous. The top of the lower step in front of

the building was practically flush with the ice-covered walk. As was her custom, plaintiff unfastened the leash from the dog's collar upon reaching the walk so as to give it freedom of action to make the customary stops. Plaintiff wore "thick, nonskid shoes with thick nonskid, crepe rubber soles." The night was dark. There had been a light snowfall that day, and this obscured the numerous icy spots along plaintiff's route. While waiting for the dog, plaintiff walked a short distance up to Dale street and then turned back toward her apartment. She had taken but a few steps when, because of the bumpy and icy condition underfoot, she fell and fractured her hip. The court submitted to the jury the questions of defendant's negligence and plaintiff's contributory negligence. Defendant does not question the propriety of submitting its negligence to the jury, but strenuously contends that plaintiff, as a matter of law, was guilty of contributory negligence, thereby preventing recovery. On this phase, at page 16 of its brief, its position is stated in this form:

"Defendant would concede that if under the testimony plaintiff had been going to work or going to the store to make a necessary purchase, or doing any act having the slightest indication of necessity under the circumstances, plaintiff's conduct in going upon the extremely dangerous walk would have been a question for the jury."

Defendant claims that "necessity" to use the sidewalk is the test to be applied. Naturally, it has found no case or text to sustain that theory, nor do we believe any can be found. Plaintiff had used the walk for the purpose indicated every evening that winter except Saturdays, at which time her husband took over the job. Under the theory advanced by defendant, it would have restricted plaintiff's use of this sidewalk to cases of *necessity* only, because by its own negligence in the care of the walk, which was under its sole jurisdiction and control, it had permitted it to become so bad that uses other than *necessary* ones were practically forbidden. That, of course, is a mere assertion and has no foundation in law, logic, or custom.

■ The evidence clearly shows that the sidewalk was in a very dangerous condition and had so remained "all the winter." Defendant made no effort to show that a safer route could have been taken by plaintiff on the occasion in question. "She was not charged with the burden of establishing the impracticability or impossibility of using other streets" or sidewalks. "The burden of proving the availability of a safer route of travel was on the defendant." Campion v. City of Rochester, 202 Minn. 136, 138, 277 N. W. 422, 423, where our prior cases are cited. *Cf.* Erd v. City of St. Paul, 22 Minn. 443.

■ The amount of plaintiff's recovery is not questioned. The verdict should not be disturbed unless the trial court fell into reversible error in its charge. Defendant, in its assignments here, says that the court erred in instructing the jury that "It was the duty of the defendant City * * * to exercise reasonable care to keep its public streets and sidewalks in a safe condition for public travel." Concededly, defendant was in complete control of its streets and sidewalks. Failure on its part to exercise reasonable care in the circumstances shown is the basis for liability for injuries sustained by a pedestrian because of its neglect to discharge that duty. Defendant submitted no requests for instructions. Its claim now that the court should have instructed the jury that it was the duty of defendant to exercise *"reasonable* care to keep its streets and sidewalks in a *reasonably* safe condition for public travel" was at most an inadvertent verbal omission. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754. The quoted language is defendant's, appearing at page 24 of its brief, with its own emphasis applied to the words "reasonable" and "reasonably." It is the omission of the word "reasonably" in the charge which constitutes the basis of its claim of error. We note, too, that no exception was taken or suggestion made to correct the claim now made until after the jury had retired, although the court at the conclusion of its instructions asked counsel, "Have you any suggestions or objections?" None was made or suggested. Under the circumstances, the error affords no ground for reversal.

■ One additional claim, made on its motion for judgment or a new trial, is that the court erred in instructing the jury that defendant "is not liable for smooth ice which has no other danger to it or any other dangerous condition except that it was smooth, and in failing to charge the jury that the City would not be liable for smooth-surface ice even though it may be dangerous because said ice was formed upon a slant." That instruction, if it had been given as suggested by defendant, obviously would have been more favorable to defendant than it was entitled to under the facts we have related.

Order affirmed.